### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS LAY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02424-BCL-tmp |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

### ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion", Doc. 1) filed by Movant, Demetrius Lay, an inmate incarcerated at the Memphis Federal Correctional Institution in Memphis, Tennessee. Mr. Lay filed the Motion in 2021, and the judge who was earlier assigned to this Section 2255 case and who presided over the original criminal proceedings, Judge Mark Norris, ordered the United States to respond in June 2021. Doc. 4. The United States did so. Doc. 7. Since that time, Mr. Lay has filed a Motion to Stay or Hold in Abeyance (Doc. 8) and a Motion to Take Judicial Notice and to Supplement the 28 U.S.C. 2255 Record (Doc. 9), both filed in 2021. The case was transferred to the undersigned in March 2026. Doc. 12.

For the following reasons, the § 2255 Motion is **DENIED**. Movant has also filed a Motion to Take Judicial Notice and to Supplement the 28 U.S.C. 2255 Record (Doc. 9), which is **GRANTED** to the extent that the Court has considered the arguments made therein. The pending Motion to Stay or Hold in Abeyance (Doc. 8) is **DENIED AS MOOT**. The Memorandum Brief

in Support of Motion for Discovery, construed as a Motion for Discovery, is likewise **DENIED**

**AS MOOT.** The Clerk is **DIRECTED** to close the case.

## BACKGROUND

I.      **Lay's Federal Criminal Case, Number 2:18-cr-20415.**

On July 24, 2018, an officer with the Memphis Police Department observed an individual,

later identified as Demetrius Lay, make a wide turn in a U-Haul truck without signaling. Doc. 9 at

3. A traffic stop followed. *United States v. Lay* (*Lay I*), No. 18-cr-20415, Doc. 96 at 6. The officer

activated his lights, however, Lay and the passenger exited the vehicle and began running. *Id*. Lay

was carrying a rifle while fleeing. *Id*. The officer gave verbal commands for the individuals to stop

running and for Lay to drop his weapon. *Id*. Lay threw the rifle over the fence into a yard and both

individuals proceeded to climb the fence. *Id*. The officer pursued them over the fence but stayed

with the weapon as both individuals continued running away. *Id*. Officers checking the area

subsequently located and detained Lay. *Id*.

The firearm that Lay discarded was identified as a Smith & Wesson Model M&P-10, .308

WIN caliber rifle, and it was loaded with 20 live rounds. *Id*. One officer located three bags of crack

cocaine inside a large plastic bag in the area where the rifle was found. *Id*. at 7. Marijuana and

oxycodone were located in the stolen U-Haul. *Id.*

On December 13, 2018, a Federal Grand Jury sitting in the Western District of Tennessee

returned a one-count indictment against Mr. Lay, charging him pursuant to 18 U.S.C. § 922(g)(1)

(Felon in Possession of a Firearm). Doc. 96 at 5. On January 31, 2019, a Federal Grand Jury

returned a three-count superseding indictment against Mr. Lay. *Id*. He was charged pursuant to

violations of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 21 U.S.C. § 841(a)(1)

(Possession with Intent to Distribute Cocaine Base), and 18 U.S.C. § 924(c) (Possession of a

Firearm in Furtherance of a Drug Trafficking Crime). *Id*. On August 29, 2019, a Federal Grand Jury returned a three-count second superseding indictment. *Id*. The second superseding indictment added a notice of increased punishment for a prior conviction pursuant to 21 U.S.C. § 851 under Count 2 (Possession with Intent to Distribute Cocaine Base). *Id*.

On July 23, 2020, the defendant pled guilty to all three counts of the second superseding indictment. On October 27, 2020, Mr. Lay was sentenced to a total term of 120 months of incarceration. *Lay I,* Doc. 101 at 3.  He did not appeal. Doc. 1 at 1.

**II.      Lay's § 2255 Motion, Civil Case Number 2:21-cv-02424.**

On June 21, 2021, Mr. Lay filed a timely motion under § 2255. Doc. 1. In his motion, Mr. Lay asserts that he is innocent of the charges to which he pled guilty, that the court failed to properly conduct a plea colloquy, and that his counsel provided him with ineffective assistance of counsel:

(1) Actual innocence to Title 18 U.S.C. § 922(g), 924(c), and Title 28 U.S.C. § 841(a)(1) Government's lack of evidence to convict, violation of due process. Doc. 1-1 at 3.

(2) The Court failed under the Colloquy Federal Rule of Criminal Procedure 11. *Id*. at 7.

(3) Incompetency and ineffective assistance of counsel for failing to object to the lack of federal jurisdiction, or move to dismiss, and failing to investigate key issues in violation of due process. *Id*. at 9.

In a later Motion to Take Judicial Notice, Lay adds claims that:

(4) his counsel provided ineffective assistance in advising him to plead guilty when he had a Fourth Amendment issue to present on appeal, and

(5) the United States engaged in "prosecutorial misconduct" by prosecuting him when the rifle in question was purportedly not a firearm within the meaning of the statutes of

3

conviction or was not in the final form of a firearm when it crossed state lines.

Doc. 9.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255,

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Sunal v. Large*, 332 U.S. 174, 178 (1947).  When a movant did not assert his claims during trial court proceedings and on direct appeal, he may not raise them on collateral review unless he shows either "cause and actual prejudice, or that he is actually innocent." *Vanwinkle v. United States*, 645 F.3d 365, 369 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998)); *see also Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022) (explaining that "[u]nder the Supreme Court's procedural-default rule," a defendant's failure to raise a claim "during the 'main event' (his criminal litigation) means that he presumptively cannot raise it in an after-the-fact § 2255 motion").

The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## LEGAL ANALYSIS

I.    **Mr. Lay has waived Claims 1 and 5, concerning "actual innocence" or sufficiency of the evidence.**

In its Response, the United States first argues that the appellate and collateral attack waivers in Mr. Lay's plea agreement bar consideration of his actual innocence[1] and sufficiency of the evidence claims. Doc. 7 at 10. The Court agrees that those claims—Claims 1 and 5[2] as enumerated above—are barred by the plea agreement.

A.    "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763–64 (6th Cir. 2001). In pertinent part, Mr. Lay's plea agreement states:

> DEMETRIUS LAY understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver

---

[1] Mar. Lay's "actual innocence" arguments are not the sort of claim of "actual, factual" innocence that can excuse a procedural default. *Van Winkle*, 645 F.3d at 369 (quoting *Bousley*, 523 U.S. at 621). Rather, they appear to be arguments concerning the proper interpretation of the statutes under which he was convicted, or perhaps concerning the technical sufficiency of the evidence—both of which would be covered by the review waiver in his plea agreement.  And, in any event, a claim of actual innocence is not itself a freestanding claim capable of supporting collateral relief. *See Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011).

[2] Mr. Lay raises a purported "prosecutorial misconduct" claim—what this Order calls Claim 5—in his "Motion to Take Judicial Notice." Doc. 9 at 8. Despite the label, this is really a claim concerning sufficiency of the evidence, or perhaps statutory interpretation, in which Mr. Lay apparently argues that either (a) the gun he possessed was not a firearm within the meaning of the statute of conviction, or perhaps (b) that the interstate commerce element of the statute of conviction was not satisfied because the gun he possessed did not move in interstate commerce as an assembled unit (even if individual parts did). *But see* Doc. 109 at 20 (during plea colloquy, prosecutor reciting that "[t]he firearm was analyzed and determined to be manufactured outside the state of Tennessee"). Mr. Lay presumably selects the "prosecutorial misconduct" label to bring himself within the exception to the waiver in his plea agreement. But mere word games cannot evade a valid and binding plea agreement.

is made in exchange for concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

*Lay I,* Doc. 90 at 4-5.

"[A] defendant's informed and voluntary waiver of the right to collaterally attack a sentence in a plea agreement bars such relief." *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). The Sixth Circuit enforces "such waivers according to their terms, so long as the defendant entered into the plea agreement knowingly and voluntarily." *Hardin v. United States*, 595 F. App'x 460, 461 (6th Cir. 2014). "We must give effect to the intent of the parties as expressed by the plain language in the plea agreement." *United States v. Beals*, 698 F.3d 248, 256 (6th Cir. 2012).

Here that means that, as a starting point and perhaps an ending point, the Court must reject Claims 1 and 5 because they are barred by the plain language of the plea agreement.

**B.**      Perhaps as a freestanding claim, perhaps in an effort to evade his review waiver and open up his claims more broadly, or most likely for both reasons, Mr. Lay asserts in Claim 2 that the sentencing court failed to comply with the requirements of Federal Rule of Criminal Procedure 11 relating to plea colloquies before accepting his guilty plea. Doc. 1-1 at 7-8. Specifically, Mr. Lay contends that the Court failed to personally verify his understanding of the charges, and to recount the elements of the charges as part of that exchange. *Id.*

As an initial matter, Mr. Lay has procedurally defaulted this argument by failing to raise it in a direct appeal:

It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.

*Bousley v. United States*, 523 U.S. 614, 621 (1998)

6

But the claim fails even on its merits. As an initial and purely textual matter, a violation of a Federal Rule of Criminal Procedure is not itself a basis for relief under Section 2255, which as relevant here provides that relief is available on the ground that a "sentence was imposed in violation of the Constitution or *laws* of the United States" (emphasis added). And in any event, in sentencing Mr. Lay, Judge Norris complied with the "reticulated" requirements of Rule 11 and— more relevant here since it bears on the validity of the plea agreement and its waiver—certainly with the more flexible standards of due process, which requires that a plea be knowing, intelligent, and voluntary. *See Witham v. United States*, 97 F.4th 1027, 1029 (6th Cir. 2024) ("Criminal Rule 11 establishes a highly reticulated process to ensure that each defendant enters any such agreement knowingly and voluntarily."); *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (stating that Due Process Clause requires that a guilty plea be voluntary, knowing, and intelligent).

Judge Norris began the colloquy by explaining its purpose of ensuring a knowing, intelligent, and voluntary plea:

> I've got to ask you a series of questions to make sure that you know what you're doing, in common parlance, but that you're competent to make this decision. It's a big decision, and it has a lot of ramifications. The results of a decision like this are pretty significant. You give up a lot of rights, and so I'll go through a series of questions…Some of the questions may seem repetitive. You may wonder why I'm asking you to do this or do that. It's to make a record and to buy you time to make sure you know what you're doing and this is how you want to proceed and to give me the opportunity to evaluate whether I'm comfortable that you really want to go through with this.

Doc. 103 at 4-5. During the plea colloquy, the Court personally addressed Mr. Lay to ensure his competency and understanding of the proceedings, explicitly inviting him to ask questions at any time. *Id*. at 6. In response to the Court's specific inquiries, Mr. Lay confirmed under oath that he had reviewed the indictment with his attorney, that counsel had advised him of every legal element the Government was required to prove, and that he was fully satisfied with his attorney's

7

representation. *Id*. at 8-9. Mr. Lay never posed a question regarding the elements of the offenses or the plea agreement and consistently affirmed his understanding. *See generally* Doc. 109. And he likewise affirmed his understanding that he had a right to appeal, which would be among those rights given up upon a plea of guilty. *Id.* at 12 (after recounting right to appeal: Q.--"So it is your understanding that by entering a plea of guilty, if I accept it, there will be no trial and you will have waived or given up your right to a trial as well as those other rights associated with a trial as I've just described them?" A.—"Yes, sir."). At Judge Norris' request, the United States also recited the terms of the plea agreement, including its waiver of appeal and collateral review, and Mr. Lay confirmed his understanding and agreement. Doc. 103 at 27-28. Judge Norris later explained that provision himself. Doc. 103 at 33.

It is apparent from this record that the sentencing court complied with both Rule 11 and due process, and that Mr. Lay's change of plea and the plea agreement on which it was based were both knowing, intelligent, and voluntary. *See Hardin v. United States*, 595 F. App'x 460, 462 (6th Cir. 2014) (finding nothing in the record suggested that the defendant did not understand the terms of his plea agreement when he agreed to it); *United States v. Sharp*, 442 F.3d 946, 950 (6th Cir. 2006) (affirming where trial court found guilty plea based on agreement intelligent, knowing, and voluntary where district court relied on prosecutor to summarize appellate waiver, with defendant confirming agreement). Moreover, to the extent there was any deviation from the requirements of Rule 11, the record confirms that the deviation was harmless. Fed. R. Crim. P. 11(h).

Mr. Lay's challenge to his plea agreement (Claim 2) thus fails, and the review waiver in his plea agreement is binding and precludes review of his claims relating to the sufficiency of the evidence or actual innocence (Claims 1 and 5).

**II.      Mr. Lay's claims of ineffective assistance of counsel (Claims 3 and 4) fail on their merits.**

8

Petitioner's plea agreement expressly exempts claims of ineffective assistance of counsel from the waiver of further review. *Lay I,* Doc. 90 at 4-5.  And while Mr. Lay could have asserted these claims on a direct appeal, the Supreme Court has held that a federal prisoner may first assert a claim for ineffective assistance via a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).  The Court therefore addresses those claims on the merits.[3]

An ineffective assistance claim is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984): The party claiming ineffective assistance must show (1) deficient performance and (2) prejudice.  To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance.  [*Strickland*, 466 U.S.] at 689.  The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*, at 687.

*Harrington v. Richter*, 562 U.S. 86, 104 (2011).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[4]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

> It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S. Ct. 2052. Counsel's errors

---

[3] At times, Mr. Lay seems to present these ineffective assistance claims as evidence of cause and prejudice, presumably in the hope of opening up review of his remaining claims. *See Shinn v. Ramirez*, 596 U.S. 366, 379-80 (2022); *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022). Whatever Mr. Lay's intent, the Sixth Amendment analysis remains the same, and the claims fail for the reasons stated in the text.

[4] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant." *Strickland*, 466 U.S. at 697.  If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

> must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, at 687, 104 S. Ct. 2052.

*Richter*, 562 U.S. at 104; *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail.  Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different." (citing *Strickland*, 466 U.S. at 694)).

A.      Mr. Lay first argues that his trial counsel rendered ineffective assistance in failing to move to dismiss the second superseding indictment.  Specifically, in his Section 2255 motion, Mr. Lay argues (in what this Order has labelled Claim 3) that trial counsel should have moved to dismiss the second superseding indictment on the ground that he was never arraigned on that indictment. Doc. 1-1 at 9-10.  This argument fails because, as the Government explains, no additional charges were added by Mr. Lay's separate superseding indictment; rather, "[t]he word order in Count One was revised to make it clear that the government would prove both that the defendant knew that he possessed the firearm and that he was a member of a class of people prohibited from possessing firearms in order to fully accommodate the Supreme Court's decision in *Rehaif v. United States*…" and "Count Two had no change to the wording of the charge containing the elements, but notice was added that Lay was subject to increased punishment if found guilty of that Count." Doc. 7 at 16. In these circumstances, where Mr. Lay already was familiar with the charges against him, trial counsel made a reasonable tactical decision in declining to force a third initial appearance just for the sake of having one; any litigator knows that

sometimes a sensible course is to focus efficiently on what is in dispute, as opposed to reflexively requiring the other party to jump through every hoop that might be invoked, no matter how easy to clear. And because Mr. Lay was already aware of the charges against him and the Government could easily have provided for another appearance had counsel filed the envisioned motion, Mr. Lay also cannot show "a reasonable probability that …the result of the proceeding would have been different" if counsel had filed the envisioned motion. *Strickland*, 466 U.S. at 694; *see also Garland v. Washington*, 232 U.S. 642 (1914) (failure to arraign defendant on superseding indictment does not violate due process so long as defendant is aware of the charges against him).

    **B.**    In a reply brief and his Motion for Judicial Notice, Mr. Lay argues that trial counsel erred in allowing him to plead guilty due to the existence of what Mr. Lay sees as a strong appellate issue relating to a purportedly erroneous denial of a motion to suppress, or in failing to press the motion to suppress on a direct appeal following the guilty plea. *See* Doc. 9; Doc. 10 at 1-9. His argument appears to be that the traffic stop that ultimately led to Mr. Lay's arrest was spurred by an incorrect—Mr. Lay at times suggests pretextual—belief that the U-Haul was stolen. Doc. 9; Doc. 10 at 1-9. Judge Norris referred this motion to a magistrate judge, who recommended denial, which recommendation Judge Norris then adopted—all before Mr. Lay's guilty plea. *See* Doc. 76.

    This argument fails both of *Strickland*'s prongs. Counsel was not deficient in failing to advise Mr. Lay to hold off on pleading guilty in the hope of pressing the suppression issue on direct appeal, or in failing to raise the issue in a direct appeal, where: (1) the failure of the U-Haul to signal before turning itself created a basis for the stop independent of the allegedly mistaken belief the U-Haul was stolen, *see United States v. Lyons*, 687 F.3d 754, 763 (6th Cir. 2012); (2) Mr. Lay's flight created an independent reason to search for him and seize him, *see Illinois v. Wardlaw*, 528 U.S. 119, 125 (2000); and (3) that Mr. Lay was carrying and then threw away a rifle as he ran

11

justified an arrest and follow-on search of the now-passengerless truck under a community caretaker exception, *see United States v. Mason*, 2022 WL 853304, at 3 (6th Cir. 2022). The odds of succeeding on an appeal premised on the suppression motion were quite low, making any recommendation of a guilty plea well within "the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). And for the same reasons, Mr. Lay has not shown that there exists "a reasonable probability that" had counsel appealed the motion to suppress "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

## **CONCLUSION**

For the foregoing reasons, the § 2255 Motion is **DENIED**. The pending Motion to Take Judicial Notice and to Supplement the 28 U.S.C. 2255 Record (Doc. 9), is **GRANTED** to the extent that the Court has considered the arguments made therein. The pending Motion to Stay or Hold in Abeyance (Doc. 8) is **DENIED AS MOOT**. The Memorandum Brief in Support of Motion for Discovery, construed as a Motion for Discovery, is likewise **DENIED AS MOOT.** The Clerk is **DIRECTED** to close the case.

SO ORDERED, this 24th day of April, 2026.

*s/Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

12